**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | No. 11CR01244-001-CKJ-JCG |
| Plaintiff, | ‖ | |
| vs. | ‖ | **MEMORANDUM OPINION AND ORDER REGARDING APPLICABILITY OF U.S.S.G. § 2L1.2(b)(1)(A) ENHANCEMENT** |
| RAUL ZAMORANO-PONCE, | ‖ | |
| Defendant. | ‖ | |

_____

**TABLE OF CONTENTS**

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   A.  The Applicable Guideline . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   B.  Judicial Determinations Of "Crimes Of Violence" . . . . . . . . . . . . . . . 8
      1.  The two approaches . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
      2.  The categorical approach . . . . . . . . . . . . . . . . . . . . . . . . . 11
      3.  Modified categorical approach . . . . . . . . . . . . . . . . . . . . . . 15

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

T his case is before me[1] on an issue of first impression: Does a conviction for rape of a child in the third degree in violation of Revised Code of Washington (RCW) § 9A.44.079 constitute an enumerated "crime of violence" resulting in a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2, of the sentence of a defendant who pleaded guilty to re-entry after deportation in violation of 8 U.S.C. § 1326(a)?

## I. INTRODUCTION

According to the presentence investigation report (PSR), on March 13, 2011, U.S. border patrol agents apprehended a group of 11 people, including defendant Raul Zamorano-Ponce, near Lukeville, Arizona. Upon questioning, the group admitted being citizens of Mexico without legal documentation to be in the United States. During the presentence interview, Zamorano-Ponce indicated that his intention was to reside in Washington and to work in the fields. The group were taken to the Ajo border patrol station for processing. Zamorano-Ponce was eventually indicted on a charge of re-entry

---

[1] This case was assigned to me while I was serving as a visiting judge in the District of Arizona. The statute authorizing such assignment provides as follows:

> **(d)** The Chief Justice of the United States may designate and assign temporarily a district judge of one circuit for service in another circuit, either in a district court or court of appeals, upon presentation of a certificate of necessity by the chief judge or circuit justice of the circuit wherein the need arises.

28 U.S.C. § 292(d). A related statute provides, *inter alia*, "A justice or judge shall discharge, during the period of his designation and assignment, all judicial duties for which he is designated and assigned," and, with certain exceptions not relevant here, "shall have all the powers of a judge of the court, circuit or district to which he is designated and assigned." 28 U.S.C. § 296.

after deportation, in violation of 8 U.S.C. § 1326(a), with sentencing enhancement pursuant to 1326(b)(2), a Class C felony. Zamorano-Ponce faces a maximum possible sentence of 20 years of imprisonment and a maximum possible fine of $250,000.

Zamorano-Ponce pleaded guilty to the charge on May 12, 2011, pursuant to a "fast track" written plea agreement. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and U.S.S.G. § 5K3.1, the parties stipulate to a sentencing range of 33 to 41 months imprisonment based on a Criminal History Category II (down from the calculated guideline range of 41 to 51 months), if Zamorano-Ponce is subject to the 16-level enhancement for a prior "crime of violence" pursuant to U.S.S.G. § 2L1.2(a) and (b)(1)(A). However, if I find that such an enhancement is not applicable, only a 4-level increase for a prior felony conviction is applicable, resulting in a stipulated sentence of 2 to 8 months (down from the calculated guideline range of 8 to 14 months).

The PSR provided the following explanation for application of the 16-level enhancement:

> 8. **Specific Offense Characteristic**: Sixteen levels are added because the defendant was deported subsequent to an aggravated felony crime of violence conviction for statutory rape (Case 03-1-0095-0). U.S.S.G. § 2L1.2(b)(1)(A).
>
> Although a definition of Revised Code Washington (RCW) §9A.44.079 is overly broad, court records (including the charging instrument, plea agreement, and sentencing document) establish that the defendant, age 24, engaged in nonconsensual sexual intercourse with a minor, age 15. Accordingly, this conviction meets the definition of an aggravated felony and an enumerated crime of violence (statutory rape) pursuant to U.S.S.G. § 2L1.2, comment. (n.1(.1(B)(iii)).

PSR at ¶ 8.

Zamorano-Ponce objected to this enhancement. Specifically, he pointed out that the PSR acknowledged that the definition of RCW § 9A.44.079 is overly broad, so that it does not fit the categorical definition of "statutory rape" or "sexual abuse of a minor," enumerated crimes of violence in U.S.S.G. § 2L1.2, n.1.B.iii. He argues that the statute at issue here does not meet the generic definition of "sexual abuse of a minor" under either framework identified in Ninth Circuit law, nor does it meet the definition for "statutory rape" set forth in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (*en banc*) for two reasons: (1) it lacks the *mens rea* element of "knowingly engaged," and (2) it is broader than the generic offense with respect to the age of the minor because the statute applies to persons between fourteen and sixteen years of age. As a result, he contends that the conduct proscribed in RCW § 9A.44.079 exceeds the generic offense. He also argues that, because the statute lacks the *mens rea* and age difference requirements, and any element of "abuse," a modified categorical approach also does not apply.

The prosecution counters that RCW § 9A.44.079 *does* fall squarely within the generic description of "statutory rape" in the Ninth Circuit, that is, it is an offense involving sexual intercourse with an individual under the age of 16. The prosecution points out that the decision in *Estrada-Espinoza* did not discuss the definition of "statutory rape" for purposes of U.S.S.G. § 2L1.2, but for purposes of determination of an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(A). Thus, the prosecution contends that, for purposes of a "statutory rape" offense within the meaning of § 2L1.2, there is no *mens rea* requirement. In the alternative, the prosecution argues that the Washington statute at issue here defines a "forcible sex offense" crime of violence within the meaning of U.S.S.G. § 2L1.2, as "forcible sex offenses" were more broadly

defined in an amendment to the Sentencing Guidelines effective November 1, 2008, because the victim was incapable of legally valid consent.

The probation officer rejected Zamorano-Ponce's objection, reasoning that, under a modified categorical approach, which allows analysis of available judicially-noticeable documents, Zamorano-Ponce's prior conviction qualified as a crime of violence pursuant to U.S.S.G. § 2L1.2 as a "statutory rape" conviction. The probation officer noted that the enhancement was not premised on a prior conviction for "sexual abuse of a minor." Specifically, the probation officer pointed out that Model Penal Code § 213(1)(a) defines "statutory rape" as "[a] male [having] sexual intercourse with a female not his wife, or any person who engages in deviate sexual intercourse or causes another to engage in deviate sexual intercourse, . . . if: (a) the other person is less than [16] years old and the actor is at least [four] years older than the other person . . ." Similarly, RCW § 9A.44.079 defines "rape of a child in the third degree" as a person having sexual intercourse with another who is at least 14 years old but less than 16 years old, not married to the perpetrator, and where the perpetrator is at least 48 months older than the victim. The probation officer points out that available judicially-noticeable documents, that is, the plea agreement, show that, in Zamorano-Ponce's prior offense, the victim was 15 years old, Zamorano-Ponce had sexual intercourse with her, he and the victim were not married, the victim did not consent, and Zamorano-Ponce was 24 years old at the time of the offense. Therefore, the probation officer did not change the PSR.

Zamorano-Ponce came on for sentencing before me on September 12, 2011, while I was serving as a visiting judge in the District of Arizona. After hearing initial arguments of the parties, I continued the hearing until September 15, 2011, so that I could consider the matter further. The parties additional arguments on September 15, 2011, were spirited and informative.

On September 13, 2011, I received by e-mail the defendant's Points In Support Of Sentencing Argument. In his Points, the defendant reiterated his contention that, pursuant to *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (*en banc*), the federal generic definition of "statutory rape" has four essential elements: (1) a *mens rea* level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor, and reiterating his argument that the offense defined by RCW § 9A.44.079 lacks the required *mens rea* element. Under these circumstances, he reiterates that the state offense is not "statutory rape" under the "categorical approach" and that the "modified categorical approach" is inapplicable. Moreover, he asserts that he did not admit in any judicially-noticeable documents any of the elements of the federal generic offense of "statutory rape," and clearly could not have admitted the first, because it is not an element of the state offense.

## II. LEGAL ANALYSIS

### A. The Applicable Guideline

The applicable guideline provision provides as follows:

> **§2L1.2.** **Unlawfully Entering or Remaining in the United States**
>
> (a) Base Offense Level: **8**
>
> (b) Specific Offense Characteristic
>     (1) Apply the Greatest:
>     If the defendant previously was deported, or unlawfully remained in the United States, after—
>         (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) *a crime of violence*; (iii) a firearms offense; (iv) a child

pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by **16** levels;

(B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by **12** levels;

(C) a conviction for an aggravated felony, increase by **8** levels;

(D) a conviction for any other felony, increase by **4** levels; or

(E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by **4** levels.

U.S.S.G. § 2L1.2 (emphasis added). The pertinent application note defines "crime of violence," for purposes of § 2L1.2(b)(1)(A), as follows:

(iii) "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, *forcible sex offenses* (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), *statutory rape, sexual abuse of a minor*, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, n.1.b.iii (emphasis added).

### B. Judicial Determinations Of "Crimes Of Violence"

### 1.     The two approaches

In *United States v. Gonzalez-Aparicio*, ___ F.3d ___, 2011 WL 2207322 (9th Cir. June 8, 2011), the Ninth Circuit Court of Appeals explained the analytical process for determining whether a state sex offense is a "crime of violence" within the meaning of U.S.S.G. § 2L1.2:

> The overarching principles of law that must be followed here appear to be well established, although the parties vigorously contest whether they have been satisfied. "When an offense is specifically enumerated by the Application Notes as a 'crime of violence,' we have consistently drawn the conclusion that the offense is a per se crime of violence under the Guidelines." *United States v. Rodriguez–Guzman*, 506 F.3d 738, 741 (9th Cir. 2007) (citations omitted). In other words, we must determine "whether the statutory definition used by [Arizona] comports with the generic and contemporary meaning of the offense of statutory rape." *Id.* at 743.
>
> This inquiry requires the courts to apply the categorical approach or test set forth in *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990). "'Under the categorical approach, we "compare the elements of the statutory definition of the crime of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition."'" *United States v. Valencia–Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010) (quoting *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008)), *cert. denied*, --- U.S. ----, 131 S. Ct. 539, 178 L. Ed. 2d 396 (2010). "[E]ven the least egregious conduct the statute [of conviction] covers must qualify." *United States v. Lopez–Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006) (citing *Valencia v. Gonzales*, 439 F.3d 1046, 1052 & n. 3 (9th Cir. 2006)). Furthermore, the court may look only to the fact of conviction and the statutory definition

of the prior offense. *See, e.g., Valencia–Barragan*, 608 F.3d at 1107.

> Even if the pure categorical test is not satisfied, the government may ask the court to turn to the modified categorical approach. Where the statute of conviction is overly inclusive, the Supreme Court allows "'the sentencing court to go beyond the mere fact of conviction.'" *Rodriguez–Guzman*, 506 F.3d at 746 (quoting *Taylor*, 495 U.S. at 602, 110 S. Ct. 2143). In short, the court may consider whether otherwise proper documentation and "'judicially noticeable facts'" unequivocally demonstrate that the prior offense does fall under the generic federal definition. *Id.* (quoting *United States v. Shumate*, 329 F.3d 1026, 1029 (9th Cir. 2003), *as amended by* 341 F.3d 852 (9th Cir. 2003)). "[T]he modified categorical approach is appropriate when the statute of conviction is divisible into several crimes, some of which fall under the relevant category, and some of which do not." *Estrada–Espinoza*, 546 F.3d at 1159–60 (citing *Carty v. Ashcroft*, 395 F.3d 1081, 1084 (9th Cir. 2005)). The approach does not apply at all when the statute of conviction lacks an element of the generic crime. *See, e.g., id.* at 1159. In the end, a court "can conclude that a conviction qualifies . . . 'only if the record of conviction shows the jury "necessarily" found all of the generic elements, or the defendant "necessarily" admitted all of the generic elements in a plea.'" *United States v. Espinoza–Morales*, 621 F.3d 1141, 1149 (9th Cir. 2010) (quoting *Sandoval–Lua v. Gonzales*, 499 F.3d 1121, 1131 (9th Cir. 2007)) (footnote omitted).

*Gonzalez-Aparicio*, ___ F.3d at ___, 2011 WL 2207322 at *4.

More specifically still, in *Gonzalez-Aparicio*, the court addressed whether the defendant's charge of "sexual conduct with a minor," in violation of ARIZ. REV. STAT. § 13-1405, constituted "statutory rape" within the meaning of U.S.S.G. § 2L1.2. The court noted that its case law seemed to create two categorical definitions of "sexual abuse of a minor." *Id.* at ___, 2011 WL 2207322 at *8-*10. However, the court noted that one

line stemmed from *Estrada-Espinoza*, on which Zamorano-Ponce relies, but that case "actually defined the phrase 'sexual abuse of a minor' as it is used in the immigration 'aggravated felony' context," not in the context of U.S.S.G. § 2L1.2. *Gonzalez-Aparicio*, ___ F.3d at ___, 2011 WL 2011 WL 2207322 at *11 (citing *Estrada-Espinoza*, 546 F.3d at 1150-60). The effect of this different context, the court explained, was the following:

> [T]he Guideline commentary at issue here expressly lists both "sexual abuse of a minor" as well as "statutory rape" as "crimes of violence." In general, courts should attempt to avoid an interpretation rendering language superfluous. *Cf., e.g., Medina–Villa*, 567 F.3d at 515 (stating that, "if we were to define 'sexual abuse of a minor' in U.S.S.G. § 21:1.2 as limited to § 2243, we would eliminate the need for the separate and independent example of 'statutory rape' as a 'crime of violence.'"). The *Estrada–Espinoza* opinion also never discussed or even cited to our prior "statutory rape" decisions in *Gomez–Mendez* and *Rodriguez–Guzman*. We further add that, even in the limited "sexual abuse of a minor" context, the en banc ruling and the subsequent line of case law have been the target of criticism. In a special concurrence in *United States v. Farmer*, 627 F.3d 416 (9th Cir. 2010), *pet. for cert. filed*, (Mar. 17, 2011) (No. 10–9620), Judge Bybee, joined by Judge Noonan, expressed serious doubts about, among other things, the existence of two definitions for the same offense, *id.* at 424–26 (Bybee, J., specially concurring).

*Gonzalez-Aparicio*, ___ F.3d at ___, 2011 WL 2207322 at *11. The court found that it did not have to resolve the question of whether or not *Estrada-Espinoza* was applicable to U.S.S.G. § 2L1.2, because its review was only for plain error, and the district court had not plainly erred in concluding that the Arizona statute defined a "crime of violence." *Id.*

Here, I am faced with an objection from the defendant, so that I must perforce decide whether or not the sexual offense defined by RCW § 9A.44.079 is or is not a "crime of violence" within the meaning of U.S.S.G. § 2L1.2 and, more specifically,

whether it defines an enumerated "statutory rape" offense within the meaning of the guideline, such that it is a *per se* crime of violence. *Gonzalez-Aparicio*, ___ F.3d at ___, 2011 WL 2207322 at *4.[2] To do so, I will first consider the "categorical approach," if necessary, the "modified categorical approach," as each approach is defined in *Gonzalez-Aparicio*. In doing so, I must decide whether or not *Estrada-Espinoza* provides the "generic" federal definition for present purposes.

### 2. *The categorical approach*

Again, the first approach to the question of whether or not a particular offense is a "crime of violence" within the meaning of § 2L1.2 is the "categorical approach." *Gonzalez-Aparicio*, ___ F.3d at ___, 2011 WL 2207322 at *4. Looking only to the fact of conviction and the statutory definition of the prior offense, and comparing the elements of the statutory crime and the federal definition of the crime, I must decide if the statutory crime is any broader than the federal definition, recognizing that "[e]ven the least egregious conduct the statute [of conviction] covers must qualify." *Id.* (internal citations and quotation marks omitted).

In *Gonzalez-Aparicio*, the court noted that it had addressed the generic federal definition of "statutory rape" in prior cases. It noted that, in *United States v. Gomez–Mendez*, 486 F.3d 599 (9th Cir. 2007), it had affirmed the enhancement based on a purported "statutory rape" offense defined by California Penal Code § 261.5(d):

> [W]e stated, inter alia, that "[t]he term 'statutory rape' is ordinarily, contemporarily, and commonly understood to mean the unlawful sexual intercourse with a minor under the age of consent specified by state statute." [*Gomez-Mendez*, 486 F.3d]

---

[2]I need not consider Zamorano-Ponce's red herring about the generic definition of "sexual abuse of a minor," because that is not the enumerated "crime of violence" relied upon by either the probation officer or the prosecution.

at 603 (footnote omitted). In support of this definition, we specifically quoted the definitions of "statutory rape" in Black's Law Dictionary, *id.* at 603 n.7 (quoting Black's Law Dictionary 1288 (8th ed.2004)), as well as in an ALR annotation, *id.* (quoting Susan M. Kole, Annotation, Statute Protecting Minors in a Specified Age Range from Rape or Other Sexual Activity as Applicable to Defendant Minor Within Protected Age Group, 18 A.L.R. 5th 856, § 2[a] (1994)). It must be noted that none of these definitions contain any age difference requirement. *Id.*

*Gonzalez-Aparicio*, ___ F.3d at ___, 2011 WL 2207322 at *8. The court noted that it had subsequently suggested that *Gomez-Mendez* had not answered the question of what is the ordinary, contemporary, and common meaning of the term "minor," in the context of "statutory rape" law relied on for a sentencing enhancement, but did answer that question in *United States v. Rodriguez-Guzman*, 506 F.3d 738 (9th Cir. 2007). *Id.*

The *Rodriguez–Guzman* panel majority, based on an examination of the Model Penal Code, federal criminal law (specifically 18 U.S.C. § 2243(a) ("Sexual abuse of a minor or ward")), and the approach of the overwhelming majority of the states to the age of consent issue (as addressed in Judge Thomas's concurring opinion in the subsequently vacated panel ruling in *Estrada–Espinoza v. Gonzales*, 498 F.3d 933 (9th Cir. 2007)), concluded that "the term 'minor' in the context of a statutory rape law means a person under sixteen years of age." 506 F.3d at 745 (footnote omitted). We specifically observe that both the Model Penal Code and 18 U.S.C. § 2243(a), as quoted in *Rodriguez–Guzman*, require that the victim be younger than 16 and that there be at least a 4–year age difference between the perpetrator and the victim. *Id.* In any case, this Court further explained that the prior ruling "is . . . not in conflict with our decision here" because the statutory provision addressed in *Gomez–Mendez* only criminalizes sexual intercourse with a minor under the age of 16. *Id.* at 745 n.6.

*Gonzalez-Aparicio*, ___ F.3d at ___, 2011 WL 2207322 at *8. The court in *Rodriguez-Guzman* concluded that the offense at issue in that case was not "statutory rape" within the meaning of § 2K1.2, because it was "overbroad," as it prohibited sexual activity with persons under the age of 18, not just under the age of 16, and the available documentation was insufficient for purposes of a "modified categorical" analysis. *Rodriguez-Guzman*, 506 F.3d at 746-47.

I conclude that I need not consider any other definition of "statutory rape," for example, the one provided in *Estrada-Espinoza*, which adds, *inter alia*, a *mens rea* element to "statutory rape." As noted in *Gonzalez-Aparicio*, the decision in *Estrada-Espinoza* did not address "statutory rape" as a "crime of violence" for purposes of U.S.S.G. § 2L1.2, or any other guideline, but "sexual abuse of a minor" as it is used in the immigration "aggravated felony" context of 8 U.S.C. § 1101(a)(43), the Ninth Circuit Court of Appeals has not yet considered whether and how *Estrada-Espinoza* should be applied in defining the generic crime of "statutory rape" under U.S.S.G. § 2L1.2(b)(1)(A)(ii)," and the court has twice avoided doing so. *Gonzalez-Aparicio*, ___ F.3d at ___, 2011 WL 2207322 at *10-*11; *see also Rodriguez-Guzman*, 506 F.3d at 741-42 (noting that "crime of violence" within the meaning of 8 U.S.C. § 1101(a)(43) "is materially different from the definition of 'crime of violence' in § 2L1.2(b)(1)(A)(ii)" and, consequently, that statute "does not independently define or categorize offenses of purposes of imposing sentencing enhancements under the Guidelines"). I must conclude that *Estrada-Espinoza* simply does *not* relate to the definition of "statutory rape" for purposes of U.S.S.G. § 2L1.2.

Thus, the elements of the generic federal offense of "statutory rape" are (1) sexual intercourse (2) with a minor under the age of 16 (3) who is not the perpetrator's wife.

*Rodriguez-Guzman*, 506 F.3d at 745-46.   The state statute at issue here, RCW § 9A.44.079, defines a sexual offense as follows:

### 9A.44.079.  Rape of a child in the third degree

(1) A person is guilty of rape of a child in the third degree when the person has sexual intercourse with another who is at least fourteen years old but less than sixteen years old and not married to the perpetrator and the perpetrator is at least forty-eight months older than the victim.

(2) Rape of a child in the third degree is a class C felony.

RCW § 9A.44.079.  Thus, the elements of the state offense are (1) sexual intercourse (2) with a minor at least fourteen years old but less than sixteen years old (4) who is not the perpetrator's wife and (4) where the perpetrator is at least 48 months older than the victim.

I am somewhat mystified by the probation officer's assertion that the state statutory offense is "overly broad."  The probation officer does not identify either the elements of the generic federal offense or the specific element that the state statute defines more broadly or does not require.  The "victim's age" element in the state statute is *narrower*, as it applies only to children fourteen or fifteen years old, not just to all children under sixteen; certainly, any child who fits the statutory crime also fits the federal generic crime. The only *additional* element in the state offenses is the "age difference" element, which the Ninth Circuit Court of Appeals has noted is *not* mentioned as a requirement in *Gomez-Mendez*, Black's Law Dictionary, or the ALR, *Gonzalez-Aparicio*, ___ F.3d at ___, 2011 WL 2207322 at *8, and is noted as a requirement of the Model Penal Code in *Rodriguez-Guzman*, but not then expressly adopted as part of the generic federal definition of "statutory rape" in that decision.  *Rodriguez-Guzman*, 506 F.3d at 746-57.   I also

specifically reject Zamorano-Ponce's assertion that the state statute does not define a "statutory rape" offense within the meaning of U.S.S.G. § 2L1.2, on the ground that there is no missing *mens rea* element, because none is required under the federal generic definition, and the "age of victim" element is not *broader*, but *narrower* than the federal generic definition requires. In short, even the least egregious conduct defined by the state statute fits the federal generic definition of "statutory rape." *Gonzalez-Aparicio*, ___ F.3d at ___, 2011 WL 2207322 at *4 ("Even the least egregious conduct the statute [of conviction] covers must qualify."(internal citations and quotation marks omitted)).

Thus, I hold that an offense under RCW § 9A.44.079 is a crime of "statutory rape," as enumerated in U.S.S.G. § 2L1.2, n.1.B.iii. As such, it is a *per se* crime of violence. *Gonzalez-Aparicio*, ___ F.3d at ___, 2011 WL 2207322 at *4. Thus, using a "categorical approach," Zamorano-Ponce is subject to the 16-level enhancement in U.S.S.G. § 2L1.2 for a prior conviction for a "crime of violence," in this case, "statutory rape," based on his conviction for violation of RCW § 9A.44.079.

### 3.    *Modified categorical approach*

Out of an abundance of caution, I will also consider whether RCW § 9A.44.079 defines a "statutory rape" offense within the meaning of U.S.S.G. § 2L1.2 under a "modified categorical approach." To do so, I must assume, as the probation officer apparently did, that the statute is somehow "overly inclusive," *Gonzalez-Aparicio*, ___ F.3d at ___, 2011 WL 2207322 at *4, although it is simply not clear to me in what way it is "overly inclusive"; rather, I readily see where it is "under inclusive."

As the Ninth Circuit Court of Appeals explained, the modified categorical approach turns on whether the record of conviction, consisting of proper documentation and judicially-noticeable facts, shows that the jury "necessarily" found all of the generic elements, or the defendant "necessarily" admitted all of the generic elements in a plea.

*Id.* "Proper documentation" and "judicially-noticeable facts" do not include statements or admissions by the defendant's counsel at the sentencing hearing, or a narrative description of underlying facts of the prior conviction in the PSR, but may include facts in the PSR that are quoted or drawn from state court documentation. *Id.* at *13. Contrary to Zamorano-Ponce's contentions, the modified categorical approach is applicable here, because it is not being used to supply an otherwise absent element. *Id.* If anything, it is simply being used to clarify that this conviction did, indeed, involve all of the generic elements. *Id.* at *4. It is clear from proper documentation and judicially-noticeable facts, primarily from the plea agreement, that this defendant's specific offense involved a victim under 16, not his wife, with whom he had sexual intercourse, when he was 24 years old, *i.e.*, more than four years older. From these facts, jurors would necessarily find that Zamorano-Ponce committed the federal generic offense of "statutory rape." *Id.*

Again, using the "modified categorical approach," Zamorano-Ponce is subject to the 16-level enhancement in U.S.S.G. § 2L1.2 for a prior conviction for a "crime of violence," in this case, "statutory rape," based on his conviction for violation of RCW § 9A.44.079.[3]

### III. CONCLUSION

For the foregoing reasons, I find that Zamorano-Ponce is subject to the 16-level enhancement in U.S.S.G. § 2L1.2 for a prior conviction for a "crime of violence," in this case, "statutory rape," based on his conviction for violation of RCW § 9A.44.079. His objections to such an enhancement are **overruled**. However, recognizing that this is an

---

[3] I find it unnecessary to address the prosecution's alternative argument that Zamorano-Ponce's prior conviction constituted a "forcible sex offense" as an enumerated "crime of violence" within the meaning of U.S.S.G. § 2L1.2.

issue of first impression and that I have found applicable Ninth Circuit law somewhat murky, I strongly encourage the defendant to appeal this ruling.

**IT IS SO ORDERED.**

**DATED** this 15th day of September, 2011.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA
VISITING JUDGE